**Order entered February 14, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

## No. 05-12-01018-CR

---

**STEPHEN COLEMAN SHOCKLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-82727-09**

---

## ORDER

The reporter's record was due in this appeal on September 21, 2012. The Court now has before it the February 10, 2013 request of court reporter Janie Lindley for a sixty-day extension of time to file the reporter's record. Ms. Lindley states that she recorded the trial of this case working as a sub-reporter under the former official court reporter of the 366th Judicial District Court who quit her job in June 2012 and moved to Florida. Ms. Lindley states the new official court reporter reviewed the notes and determined Ms. Lindley recorded the May 2012 proceedings. Ms. Lindley further states that she had not received notice of the appeal, nor had Nikki Garcia, who was hired as the new official court reporter in the fall of 2012. Ms. Lindley states she and Ms. Garcia have tried to piece together what happened, and Ms. Lindley contacted appellate counsel regarding payment for the record. Because the Court has had no

correspondence from appellant's counsel regarding the appeal and has concerns regarding the departure of the former court reporter and whether a complete record can be obtained including the transcript of any hearing necessary to the appeal, we **DENY** the extension request.

We **ORDER** the trial court to make findings of fact regarding whether appellant has been deprived of the reporter's record because of ineffective counsel, indigence, or for any other reason.

- The trial court shall first determine whether appellant desires to prosecute the appeal. If the trial court determines that appellant does not desire to prosecute this appeal, it shall make a finding to that effect.

- If the trial court determines that appellant desires to prosecute the appeal, it shall next determine whether appellant is indigent and entitled to proceed without payment of costs for the reporter's record. If appellant is entitled to proceed without payment of costs, the trial court shall make a finding to that effect. Moreover, if appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel. If the trial court finds appellant is not indigent, it shall determine whether retained counsel has abandoned the appeal.

- The trial court shall next determine: (1) the name and address of each court reporter who recorded the proceedings in this cause; (2) the court reporter's explanation for the delay in filing the reporter's record; and (3) the earliest date by which the reporter's record can be filed.

- If the notes of any court reporter cannot be obtained or transcribed, the trial court shall determine whether appellant is at fault for the loss or destruction of that portion of the record and whether the parties can agree on a substituted record.

We **ORDER** the trial court to transmit a supplemental record, containing the written findings of fact, any supporting documentation, and any orders, to this Court within **THIRTY DAYS** of the date of this order.

We **DIRECT** the Clerk to send copies of this order, by electronic transmission, to the Honorable Ray Wheless, Presiding Judge, 366th Judicial District Court; Nikki Garcia, official court reporter, 366th Judicial District Court; Janie Lindley, court reporter; and counsel for all parties.

The appeal is **ABATED** to allow the trial court to comply with this order.  It shall be reinstated thirty days from the date of this order or when the supplemental record is received, whichever is earlier.

/s/     DAVID EVANS
           JUSTICE